IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| FRIENDS OF GEORGE'S, INC., *Plaintiff*, v. STEVEN J. MULROY, *individually and in his capacity as District Attorney General for the Thirtieth Judicial District of Tennessee*, *Defendant.* | Case No. 2:23-cv-02163 |

**PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT POST-DEADLINE AMENDMENT TO PROPOSED FINDINGS OF FACT**

### I.   GROUNDS FOR RELIEF

1. Following the bench trial held in this matter on May 22–23, 2023, the Plaintiff, Friends of George's, Inc., filed a Statement of Proposed Findings of Fact and Conclusions of Law, ECF No. 86, by the Court's deadline of May 27, 2023.

2. Plaintiff's list of proposed facts in that filing inadvertently omitted certain facts that Plaintiff submits were supported by the proof.

3. Accordingly, Plaintiff respectfully asks this Court for leave to submit the Amended Proposed Findings of Fact and Conclusions of Law submitted herewith.

4. Plaintiff's proposed Amended Findings of Fact contain the following proposed facts, which were omitted from the original filing, listed here according to paragraph number in the amended version:

   (3) The membership of Friends of George's includes board members, production-team members, and performers.

(5)     Several Friends of George's board members are also performers who impersonate male or female characters in Friends of George's productions. Some or all of these persons were identified by name at trial.

(7)     Friends of George's also considers itself "a writing and production" team, with a creative-expression purpose that exists independently of how much money its shows manage to raise. As such, Friends of George's might consider a particular show "a success in terms of expression" even though that show lost money, or, conversely, a failure in terms of expression even though that show raised substantial money.

(9)     Evergreen Theater is located within the territorial boundaries of Tennessee's Thirtieth Judicial District.

(10)    Friends of George's does not know the age of each person who attends one of its performances.

(12)    When Friends of George's performs "pop-up" shows at venues other than the Evergreen Theater, it has no control over the pop-up venues' respective age restrictions.

(21)    Friends of George's sketch "Bitch You Stole my Purse" features several male or female impersonators and includes a description of an excretory function that would arguably violate Tenn. Code Ann. § 39-17-901(14)(B).

(27)    The content of Friends of Gerorge's performances enumerated above, and discussed and viewed at trial, is typical of the content Friends of George's shows contain.

(33)    Friends of George's altered the content of "Drag Rocks" after the passage of the Act but prior to the entry of the Temporary Restraining Order in this case—at a time when it appeared the Act might take effect prior to the show's opening night.

(37)    The enumerated effects of the Act on Mid-South Pride and Franklin Pride, as well as on prospective sponsors and performers at the respective pride festivals, illustrate and are typical of the manner and degree to which the Act will harm LGBTQ organizations and chill free expression if permitted to take effect.

(39)    In recent months, Friends of George's has received numerous threats from community members who find the content of Friends of George's performances patently offensive and lacking in redeeming value, at least with respect to minors.

(40)    Numerous letters from members of various communities across Tennessee, addressed to the Court and made a part of the electronic record in this case, demonstrate that a non-trivial percentage of the populations of communities

> across the state consider drag performances per se harmful to minors, patently offensive with respect to minors, and lacking in any redeeming value for minors.

(Record citations omitted).

5. Plaintiff's proposed amended filing contains no other substantive additions or alterations, and no alterations or additions whatsoever to the section titled "Proposed Conclusions of Law."

6. The additional proposed findings, enumerated above, may be material to this Court's resolution of the various legal issues raised by the parties.

## II.   RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully asks this Court to accept its Amended Proposed Findings of Fact and Conclusions of Law, ECF No. 87-1, post-deadline and to consider the same as if timely filed.

Dated May 27, 2023

        Respectfully submitted,

        /s/ *Brice M. Timmons*  (with permission by JWB)
        Brice M. Timmons (#29582)
        Melissa J. Stewart (#40638)
        **DONATI LAW, PLLC**
        1545 Union Ave.
        Memphis, Tennessee 38104
        (901) 278-1004 (Office)
        (901) 278-3111 (Fax)
        Brice@donatilaw.com
        Melissa@donatilaw.com

        /s/ *Jacob Webster Brown*
        Jacob Webster Brown (TN 36404)
        Sara Katherine McKinney (TN40900)
        Apperson Crump, PLC
        6000 Poplar Avenue, Suite 150
        Memphis, Tennessee 38119
        (901) 756-6300 (Office)
        (901) 757-1296 (Fax)
        jbrown@apperconcrump.com
        smckinney@appersoncrump.com

        *Counsel for Plaintiff*

### III.    CERTIFICATE OF CONSULTATION

I certify that I consulted via email with all opposing counsel of record on May 27, 2023, prior to this filing, regarding the relief sought. It should be noted the consultation email was sent only approximately three hours prior to this filing (on a holiday weekend no less). Defendant Steven J. Mulroy does not oppose the relief sought in his individual capacity. At the time of this filing, counsel for Defendant in his official capacity has indicated neither consent nor opposition.

### IV.    CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon all parties

4

of record via the Court's ECF system on May 27, 2023.

/s/ Jacob Webster Brown

5